OGHDIG MANGIGIAN *vs.* FRANCIS TOOLIN.
PETER MANGIGIAN *vs.* SAME.
APRIL 28, 1950.
PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. These actions for negligence were brought by Peter Mangigian and Oghdig Mangigian, husband and wife, on account of personal injuries suffered by the wife as a result of being knocked down by defendant's automobile. The cases were tried together in the superior court and resulted in a verdict for the husband in the amount of $238.50 and a verdict for the wife in the sum of $1700. Defendant filed a motion for a new trial of each case. The

trial justice denied a new trial in the case of Peter Mangigian, and granted one solely on damages in the case of Oghdig Mangigian unless she filed a remittitur of all damages in excess of $1200. She failed to file such remittitur. Defendant excepted to both rulings and has duly prosecuted to this court his bills of exceptions containing such exceptions.

While both cases are before us defendant has seen fit to brief and argue only the case of Oghdig Mangigian, probably because Peter Mangigian's case is necessarily dependent upon his wife's case. For the purposes of this opinion and until we reach our conclusion, we shall proceed to our discussion of defendant's contentions as though only Oghdig's case was before us.

Defendant's main if not his only contention is that the trial justice erred in not granting an unconditional new trial on liability as well as damages in that case. He contends that the grossly excessive damages awarded by the jury were the result of prejudice and he argues that where such is the case the whole verdict is tainted by prejudice which cannot be cured by a remittitur. As authority for this principle he cites *Smith* v. *Martin*, 93 Vt. 111, and 46 C.J. 430, §500. He concedes, however, that where such prejudice is limited to the issue of damages and the excess can be ascertained by some rational method a new trial may be denied; but here he argues such ascertainment cannot reasonably be made.

We think that the principle of law which is relied upon by the defendant and which was stated in *Smith* v. *Martin*, *supra*, is not applicable in the circumstances of the case at bar. On the contrary we are of the opinion that if any prejudice against the defendant was aroused in the minds of the jurors at the trial it did not affect their judgment of the issue of liability, although it may well have contributed to their award of excessive damages as the trial justice found. In this connection the principle of law which properly applies is that conceded by the defendant. In

other words, here the excess resulting from such prejudice is reasonably capable of ascertainment without affecting the determination of the issue of liability, and therefore a new trial on the latter issue quite properly could be denied. 46 C.J. 430, §500.

The evidence on that issue in favor of the plaintiff is substantially undisputed. It was so strongly probative that the trial justice tersely stated: "I do not feel that there is any question about liability in this case." Apparently, however, there was evidence which led him to conclude that the jury in awarding damages had gone beyond the bounds of compensation to the plaintiff for her injuries and had sought to punish the defendant. He attributed this error to the jury's probable resentment of what he called an "unprovoked attack" upon the plaintiff by one of defendant's medical witnesses. That witness had repeatedly characterized the plaintiff as a "faker" and a "malingerer." But such testimony related only to plaintiff's alleged personal injuries and had no perceptible bearing upon the issue of defendant's liability for the accident.

Proof of that issue did not rest solely upon plaintiff's own testimony. There was a disinterested eyewitness of the accident who testified in her behalf. Her testimony corroborated the plaintiff's testimony that the defendant, without warning, backed his automobile into her and knocked her down while she was crossing a public highway from one sidewalk to the opposite. From an examination of the transcript it appears to us that the evidence tending to prove defendant's liability is separate and distinct from and clearly independent of any of the medical evidence bearing on the nature and extent of the plaintiff's injuries and the pain and suffering resulting therefrom to her. Hence the trial justice did not err in confining a new trial to the issue of damages.

This disposes of the defendant's contention that the trial justice erred in not granting a new trial on both issues because of prejudice inhering in the verdict indiscriminately

as to such issues. But defendant appears also to contend, if we understand him correctly, that the damages as reduced by the trial justice are still grossly excessive. Plaintiff argues that such contention is not entitled to consideration here because no remittitur having been filed defendant already has the right to a new trial on the damages. We think that contention is correct.

In the case brought by Peter Mangigian the defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

In the case brought by Oghdig Mangigian the defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Aram A. Arabian,* for plaintiffs.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.